IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATHRYN WEAVER          :
                        :
vs.                     :     Civil No.: JKS 09-101
                        :
REAL ESTATE             :
FUNDING, L.L.C., et al. :
                        :

## MEMORANDUM OPINION

Presently pending and ready for resolution is Plaintiff's motion for leave to amend the complaint. Dkt. No. 33. No hearing is necessary. For the reasons that follow, the motion will be denied.

Plaintiff filed a five count complaint on January 16, 2009, naming Defendant Real Estate Funding, LLC, (Real Estate) in all five counts, and naming Defendant Richard Tolbert and his company Business Residential & Commercial Lending Company (BRCL) in counts III, IV, and V. The scheduling order set an October 8, 2009 deadline to amend pleadings, and a discovery deadline of January 6, 2010. Dkt. No. 23. However, Defendants assert, and Plaintiff does not dispute, that Plaintiff sought no discovery in the case. Dkt. Nos. 25, 35 at 4.

On January 7, 2010, Plaintiff reported to the court that a settlement had been reached with Real Estate.[1] Dkt. No. 27. On January 11, 2010, Defendants Tolbert and BRCL moved for summary judgment as to the counts remaining against them. Dkt. No. 28. Plaintiff did not respond to that motion, but instead filed the presently pending motion to amend the complaint.

The proposed amended complaint names Defendants Tolbert and BRLC and alleges fraudulent inducement (Count I), fraud (Count II), unjust enrichment (Count III), unfair

---

[1] A stipulation of dismissal as to that Defendant was filed and approved on January 20, 2010. Dkt. Nos. 31, 32.

competition (Count IV), alter ego (Count V) and a violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §1962 *et.seq.* (Count VI).² Dkt. No. 34. None of the counts contained in the original complaint appears in the proposed amended complaint.

In support of the motion for leave to amend, Plaintiff points out that she has not previously sought leave to amend the complaint, that her allegations have merit, that she has recently identified more potential defendants, and that Defendants should have known of these causes of action through discovery and will not be prejudiced if the amendment is allowed.

Opposing the motion, Defendants assert that the delay in seeking to amend until after discovery has concluded is unexplained, that the new claims would materially change the nature of the litigation, and that they will be prejudiced because discovery has been completed and they have invested significant time and expense in preparing and filing a summary judgment motion.

After the amendment deadline provided by the scheduling order has passed, a party seeking leave to amend must satisfy the good cause standard of FED. R. CIV. P. 16(b), which provides that a scheduling order "may be modified only for good cause and with the judge's consent." *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008); *Koelke v. Mayor and City Council of Cumberland,* 599 F. Supp. 2d. 624, 629 (D. MD. 2009). "[A] movant must demonstrate that the reasons for the tardiness of his motion justify a departure from the rules set by the court in its scheduling order." *Rassoull v. Maximus, Inc.*, 209 F.R.D. 372, 374 (D. Md. 2002) (denying plaintiff's motion for leave to amend pleadings because it was filed three months late and failed to supply any reasons for the lateness). "The primary consideration of the Rule 16(b) good cause standard is the diligence of the movant. Lack of diligence and carelessness are hallmarks of failure to meet the good cause standard." *Id.* (internal quotation marks and citation

---

² Counts V and VI are erroneously designated as the Fourth and Fifth Causes of Action.

omitted). "The focus of the inquiry is upon the moving party's reasons for seeking modification. *If that party was not diligent, the inquiry should end.*" *Id.* (emphasis in original) (citation omitted).

Plaintiff's motion, filed, as in *Rassoull,* more than three months after the deadline, shows no diligence and offers no explanation for the delay. Her claim that defendants Real Estate and Tolbert have known the facts and should not be surprised by the proposed amendment underscores her own failure to timely assert these claims. The new facts alleged in the proposed amended complaint, that Defendant Tolbert solicited Plaintiff through the mail, failed to identify himself as a broker and operator of BRCL, and directed her to make a payment to BRCL when she closed on her loan, Dkt. No. 34 at ¶¶ 10-24, were known or should have been known to Plaintiff prior to the October 2009 amendment deadline. And although the motion makes a general reference to "new and relevant information" obtained during the settlement process, it specifies only that new potential defendants were identified. However, no new defendant is sought to be added to the complaint. There is simply no showing that Plaintiff could not, with the exercise of due diligence, have sought timely leave to amend her complaint.

In addition, and alternatively, Plaintiff's motion to amend must be denied because it would unfairly prejudice the remaining Defendants. Whether to grant leave to amend a pleading under Federal Rule of Civil Procedure 15(a) is within the sound discretion of the court. *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to amend where there will be undue prejudice to the party opposing the amendment. *Foman*, 371 U.S. at 182; *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir. 1999). For example, a court may deny leave where the amendment substantially changes the theory of the case, *Johnson v. Sales Consultants, Inc.*, 61 F.R.D. 369, 371 (N.D. Ill. 1971), particularly where the amendment could have been sought

earlier in the case. *Pine Mountain Oil & Gas, Inc. v. Equitable Production Co.*, 446 F. Supp. 2d 643, 650 (W.D. Va. 2006); *see also* 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure §§ 1487, 1488 (2009).

This proposed amended complaint does away entirely with all causes of action in the original complaint and sets forth six new ones: (1) fraudulent inducement, (2) fraud, (3) unjust enrichment, (4) unfair competition, (5) alter ego, and (6) RICO violations. Plaintiff does not offer any support for her prediction that these amendments will not require additional discovery. In fact, the amendments substantially change the essence of the allegations from violations of consumer protection laws to fraudulent dealings and racketeering, matters which often involve a different type and scope of discovery. Courts do not look favorably upon attempts to litigate cases one theory at a time by setting forth new claims after an initial theory has failed. *Pine Mountain Oil & Gas, Inc.*, 466 F. Supp. 2d at 650 (*citing Omni Outdoor Advertising, Inc. v. Columbia Outdoor Advertising, Inc.*, 974 F.2d 502 (4th Cir. 1992)). And to allow such an amendment at this time would unduly burden Defendants, who have already spent many months defending this action and have filed a summary judgment motion. *See Overseas Inns S.A.P.A. v. United States*, 911 F.2d 1146, 1151 (5th Cir. 1990) ("to grant . . . leave to amend is potentially to undermine the [defendant's] right to prevail on a motion that necessarily was prepared without reference to an unanticipated amended complaint"); *see also Hayes v. Whitman,* 264 F.3d 1017, 1151 (10th Cir. 2001).

In sum, Plaintiff has neither satisfied the good cause standard of Rule 16(b) nor made the showing required to permit amendment of her complaint after the conclusion of discovery and the filing of a summary judgment motion. Accordingly, the motion will be denied.

Plaintiff has not opposed the pending summary judgment motion but, in light of this ruling, will be granted fourteen days from the date of this order to show cause, if any, why that motion should not be granted.


Date: March 19, 2010                                         /s/
                                                   JILLYN K. SCHULZE
                                                   United States Magistrate Judge