IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KATHRYN WEAVER,    *
                   *
v.                 *
                   *    Civil No. JKS 09-101
REAL ESTATE        *
FUNDING, LLC, et al. *
                   *

# MEMORANDUM OPINION

Presently pending and ready for resolution is Defendants' unopposed motion for summary judgment. Dkt. No. 28. No hearing is necessary. For the reasons that follow, the motion will be granted.

Plaintiff, Kathryn Weaver (Weaver) filed a five count complaint on January 16, 2009, naming Defendant Real Estate Funding, LLC, (Real Estate) in all five counts, and naming Defendant Richard Tolbert (Tolbert) and his company, Business Residential & Commercial Lending Company (BRCL) in counts III, IV, and V. Counts I and II sought damages and rescission of Weaver's loan pursuant to the Truth in Lending Act (TILA).[1] Count III seeks damages under TILA for Defendants' alleged failure to provide certain disclosures. Count IV alleges that Defendants violated the Real Estate Settlement Procedures Act (RESPA). Count V alleges that Defendants violated the Maryland Consumer Protection Act (MDCPA).

**I.    Standard of Review.**

Summary judgment is appropriate if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When ruling on a motion for summary judgment, the court must

---

[1] On or about January 18, 2010, Plaintiff settled with the named Defendant, Real Estate. Thus, the remaining Defendants are Tolbert and BRCL in Counts III, IV, and V.

construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

## II. Discussion.

Weaver's complaint identifies three statutes as the bases of Defendants' liability. To qualify for the protections of any of them, Weaver must show that she is a "consumer" and that the transaction is not for a business or commercial purpose. First, TILA is limited to "consumer" credit, defined as follows:

> The adjective "consumer", used with reference to a credit transaction, characterizes the transaction as one in which the party to whom credit is offered or extended is a natural person, and the money, property, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

15 U.S.C. § 1602(h). TILA specifically exempts from its coverage "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes . . . ." 15 U.S.C. § 1603(1). The regulations implementing TILA provide that the statute does not apply to "[a]n extension of credit primarily for a business, commercial or agricultural purpose." Similarly, RESPA, enacted to protect consumers during the settlement process of residential real

estate transactions, 12 U.S.C. § 2601, "does not apply to credit transactions involving extensions of credit . . . primarily for business, commercial, or agricultural purposes," 12 U.S.C. § 2606(a).

Third, the MDCPA was enacted to set certain minimum statewide standards for the protection of consumers in Maryland. MD. CODE ANN., COM. LAW § 13-102(b)(1)(2005). The MDCPA defines "consumer" as "an actual or prospective purchaser, lessee, or recipient of consumer goods, consumer services, consumer realty or consumer credit." MD. CODE ANN., COM. LAW § 13-101(c)(1)(2005). The Act provides that

> "Consumer credit", "consumer debts", "consumer goods", "consumer realty", and "consumer services" mean, respectively, credit, debts or obligations, goods, real property, and services which are primarily for personal, household, family, or agricultural purposes.

MD. CODE ANN., COM. LAW § 13-101(d)(2005). A plaintiff who is not a "consumer" has no cause of action under the MDCPA. *Layton v. AAMCO Transmissions, Inc.*, 717 F. Supp. 368, 371 (D. Md. 1989)(citing *Boatel Industries v. Hester*, 77 Md. App. 284, 550 A.2d 389, 397-99 (1988)).

In the present case, Weaver does not fall within any definition of "consumer" because the subject loan transaction was not for a personal, household, or family purpose. Although Weaver's complaint alleges that the loan was secured by her "personal residences," Dkt. No. 1, ¶ 10, she presents no evidence to support this, and Defendants present unrebutted evidence to the contrary. The Commercial Promissory Note states that "the proceeds of the loan shall be used solely for the purpose of carrying on or acquiring a business or commercial investment." Dkt. No 29, Ex. A, p. 2. The "Commercial Deed of Trust" states that Weaver does not currently, and does not intend to, occupy the property as a principal residence. *Id.* at Ex. B, ¶ 6. The loan application identifies the property as investment property, as does the appraisal report. *Id.* at

3

Exs. C and D. In sum, there is no dispute of material fact that Weaver's loan is not covered by TILA, RESPA, or the MDCPA because she is not a consumer and the loan transaction was for a business or commercial purpose. She therefore has no cause of action under any of these statutes.

**III.  Conclusion.**

For the foregoing reasons, Defendants' motion for summary judgment will be granted.


Date: <u>April 21, 2010</u>                                            <u>         /S/                         </u>
                                                JILLYN K. SCHULZE
                                                United States Magistrate Judge